■ Suta Tungsupong, an Infant, by His Mother and Natural Guardian, Sompian Tungsupong, et al., Plaintiffs, v Bronx-Lebanon Hospital Center et al., Respondents, and Bronx Anesthesia Group, P. C., et al., Appellants, et al., Defendants. [623 NYS2d 866]—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered January 28, 1993, which denied the cross-motion of defendants Bronx Anesthesia Group, P.C. and Zenaida S. Villafania, M.D. for an order granting summary judgment dismissing the complaint and all cross-claims against them, without prejudice to renewal upon completion of discovery, unanimously reversed, on the law, without costs, to the extent appealed from, the motion granted and the complaint dismissed, as against said defendants.

The infant plaintiff, born by caesarean section on June 20, 1979 at the Bronx-Lebanon Hospital, suffered brain damage three days after his birth. Defendant doctors in this medical malpractice action maintain that, when plaintiff was born, he was in perfect health, sustaining brain damage when he inhaled milk during a feeding three days later. Defendants-appellants Bronx Anesthesia Group, P. C. and Zenaida S. Villafania, M.D. further assert that Dr. Villafania did not assume her responsibilities as anesthesiologist during the surgery until 1:30 P.M., more than one-half hour after the infant Suta Tungsupong was born at 12:56 P.M. Prior to that time, anesthesia duties were performed by Beverly Watson, R.N., a nurse anesthetist employed by the Bronx-Lebanon Hospital Center. The record does not reflect any negligence by Nurse Watson in her administration of anesthesia; but even assuming her negligence, it is asserted that such negligence is not attributable to Villafania and the anesthesia group employing her.

Defendant Bronx-Lebanon Hospital Center maintains that there are questions of fact concerning whether management of the labor and delivery was appropriate. With respect to defendants-appellants, the hospital notes, "Notwithstanding Dr. Villafania's affidavit, the operative report from the caesarean section lists Dr. Villafania as the anesthetist, without mention of Dr. [sic] Watson." According to Bronx-Lebanon, there is a question of fact with respect to Villafania's duties as anesthe-

tist and, particularly, her responsibility to supervise Nurse Watson.

Plaintiff opposed summary judgment motions interposed by the obstetricians, Harry P. Diamandis and Nissim Alhadeff and the Clinton Medical Group to which they belong. Plaintiff did not, however, oppose the cross-motion made by defendants Bronx Anesthesia Group and Dr. Villafania, which motion was opposed by the hospital. Supreme Court denied all the motions for dismissal "without prejudice to renewal upon completion of all discovery in this matter."

The affidavit of Dr. Villafania in support of her cross-motion states that she was not present during the birth of the child and that her involvement was limited to end-care anesthesia and treatment of the *mother*. Despite the hospital's attempt to disparage its probative value, the statement of a witness constitutes competent evidence *(Harris v City of New York,* 147 AD2d 186, 189). Furthermore, her allegations are entirely supported by the hospital's own anesthesia record made during the delivery *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). Appellants have therefore made a prima facie showing of their entitlement to summary judgment.

In opposition, Bronx-Lebanon offers only a surgical summary, dictated by Dr. H. O. Kim, listing Dr. Villafania as the anesthetist. From this single entry and in the absence of any proof, by affidavit or otherwise, that she had any responsibility for the administration of anesthesia prior to delivery, the hospital concludes, "The medical record demonstrates that Dr. Villafania was present in the delivery room during a time in which it is possible that negligence occurred." No explanation is offered for the discrepancy with the anesthesia record, which lists both Dr. Villafania and Nurse Watson as anesthesiologists.

Bronx-Lebanon Hospital Center has offered no proof that Dr. Villafania was responsible for supervising the administration of anesthesia prior to delivery of the infant Suta Tungsupong. Nor has it offered any excuse why proof in admissible form cannot be provided *(Zuckerman v City of New York,* 49 NY2d 557, 563). Conspicuously absent is an affidavit from Nurse Watson, who is presumably both knowledgeable of Dr. Villafania's duties during the surgical procedure and under the hospital's control *(People v Gonzalez,* 68 NY2d 424, 428-429). Instead, Bronx-Lebanon relies on counsel's bald conclusory assertion that she should have been present earlier, a statement that can be given no evidentiary value *(Harris v City of New York, supra,* at 189). Furthermore, the hospital

supplies no evidence to support the inference of malpractice. The record contains no affidavit of a physician stating how the administration of anesthesia (by Dr. Villafania or Nurse Watson) can be regarded as a departure from accepted medical practice or a proximate cause of any injury sustained by the infant plaintiff.

The hospital's theory of liability, as far as one is discernible, is that Dr. Villafania may have had a duty to supervise the nurse anesthetist, who may have departed from accepted standards of medical practice, which might have contributed to the infant's condition. Rank speculation is no substitute for evidentiary proof in admissible form that is required to establish the existence of a material issue of fact and, thus, defeat a motion for summary judgment *(Alvarez v Prospect Hosp., supra,* at 324, citing *Zuckerman v City of New York,* 49 NY2d 557, 562, *supra).* Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.