■ SLAWOMIR KONIOR, Plaintiff, v DONALD ZUCKER et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. WONDERWORKS CONSTRUCTION CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [749 NYS2d 86] —In a consolidated action to recover damages for personal injuries, the third-party defendant Wonderworks Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated February 22, 2002, as denied its motion to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, the third-party complaint is dismissed insofar as asserted against the appellant, and the third-party action against the remaining third-party defendant is severed.

The Workers' Compensation Board determined that the plaintiff was an employee of the third-party defendant Wonderworks Construction Corp. (hereinafter Wonderworks). The plaintiff commenced the present action against the owners of the property upon which the plaintiff was injured, defendants third-party plaintiffs Donald Zucker and Barbara Hrbek Zucker, and the general contractor, Manhattan Skyline Construction Corp. (hereinafter Manhattan), alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). The Zuckers and Manhattan then commenced a third-party action for contribution and contractual and common-law indemnification against Wonderworks. In its motion for summary judgment dismissing the third-party complaint insofar as asserted against it, Wonderworks asserted that there was no contractual provision requiring it to indemnify Manhattan, and that Workers' Compensation Law § 11 precluded the claims for contribution and common-law indemnification. The Supreme Court denied the motion. We reverse.

The law is well settled that "primary jurisdiction with re-

spect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *see O'Rourke v Long,* 41 NY2d 219; *Hofsiss v Board of Educ. of Mamaroneck Union Free School Dist.,* 287 AD2d 566; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517; *Becker v Clarkstown Cent. School Dist.,* 157 AD2d 641). Further, the determination of whether an employer-employee relationship exists is conclusive and binding on the courts (*see O'Rourke v Long, supra*).

Section 11 of the Workers' Compensation Law provides that an employee may not sue his or her employer, and it also precludes third-party actions for contribution and indemnification against the plaintiff's employer unless there is evidence of a "grave injury."

Here, the Workers' Compensation Board made the conclusive and binding determination that the plaintiff was employed by Wonderworks. There is no evidence in the record that the plaintiff suffered a "grave injury" as defined in the Workers' Compensation Law. In fact, none of the parties even argued such a theory. Accordingly, the third-party claims for contribution and indemnification against Wonderworks should have been dismissed (*see* Workers' Compensation Law § 11).

The Supreme Court failed to address Manhattan's contractual indemnification claim. There is nothing in the contract between Manhattan and Wonderworks that could be considered an agreement to indemnify or hold Manhattan harmless (*see Aiello v Rockmor Elec. Enter.,* 255 AD2d 470). Manhattan did not even oppose the portion of Wonderworks' motion which sought the dismissal of the contractual indemnification claim.

Therefore, the Supreme Court erred in denying Wonderworks' motion for summary judgment dismissing the third-party action insofar as asserted against it. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.