(June 14, 2004)

■ MOHAMED ABDELAAL, Plaintiff, v SAMUEL GINDI et al., Defendants and Third-Party Plaintiffs. ASTRA CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants; CITY CONSTRUCTION CO., Third-Party Defendant-Respondent [778 NYS2d 297]—

In an action to recover damages for personal injuries, the

third-party defendants Astra Construction Corp. and Preferred Mutual Insurance Company appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), entered July 2, 2002, as granted that branch of the motion of the third-party defendant City Construction Co. which was for summary judgment dismissing their cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Workers' Compensation Board (hereinafter the Board) determined that the plaintiff was an employee of the third-party defendant City Construction Co. (hereinafter City Construction) and awarded the plaintiff benefits that were paid by City Construction's compensation insurer. The plaintiff commenced the present action against the purported owners of the property where he was working when he fell from a ladder. They, in turn, commenced a third-party action for contribution and indemnification against Astra Construction Corp., their contractor, and its insurer, Preferred Mutual Insurance Company (hereinafter collectively referred to as Astra), as well as against Astra's subcontractor, City Construction. Astra cross-claimed against City Construction, seeking contribution and common-law indemnification.

City Construction moved for summary judgment, asserting that the affirmative defense of the Workers' Compensation Law was applicable to an employer who is responsible for paying such compensation benefits where the worker did not sustain a grave injury and the employer does not have a written indemnification agreement with any other party (*see* Workers' Compensation Law §§ 11, 23, 29; *Konior v Zucker*, 299 AD2d 320 [2002]).

After City Construction satisfied its burden of making a prima facie showing of entitlement to judgment as a matter of law, the burden shifted to Astra to submit evidence in admissible form that raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Astra, relying upon brief portions of the transcript of deposition testimony, cut at unnatural intervals and lacking context, failed to do this.

Accordingly, the motion was properly granted. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.