(July 29, 2004)

■ JEFFREY GOLKIN, Appellant, v S.R.D.N. (USA), INC., Respondent. [780 NYS2d 587]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 5, 2002, which, in a declaratory judgment action concerning whether plaintiff buyer either revoked his offer to buy or canceled the contract of sale for a condominium unit, inter alia, upon defendant's motion for summary judgment, declared that the contract is enforceable and that defendant is entitled to retain plaintiff's down payment as liquidated damages, unanimously modified, on the law, to vacate the above declaration and to declare only that plaintiff did not revoke his offer to buy and is not entitled to return of his down payment on that ground, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

As the contract provides that it was not to be binding until executed and delivered but does not specify the form of delivery, and as plaintiff does not argue that delivery means receipt, the IAS court correctly held that defendant accepted plaintiff's offer to purchase when it mailed a fully executed copy of the contract to plaintiff (*see Buchbinder Tunick & Co. v Manhattan Natl. Life Ins. Co.*, 219 AD2d 463, 466 [1995]) on September 10, 2001, three days before plaintiff purported to revoke his offer. Defendant's officer's sworn statement attesting to such mailing is competent evidence thereof (*see Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 237 [1995]). Nor is an issue of fact as to whether there was a mailing raised by plaintiff's bare denial of receipt (*see Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]).

However, the IAS court erred in holding that no issues of fact exist as to whether the subject unit sustained "loss or damage" prior to closing as would entitle plaintiff to cancel the contract under the risk of loss provision. In this regard, defendant failed to make a prima facie showing that the unit, which was located two blocks south of the World Trade Center in Battery Park City, was not damaged on September 11, 2001 (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The real estate broker's affidavit on which defendant relies does not say

when she inspected the unit, does not explain how she determined that the unit was not damaged and whether she retained any experts for that purpose, and does not plainly state that the unit was accessible or even habitable between September 11 and the September 30, 2001 closing date.

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.