■ MICHAEL RUGGIERO, Respondent, v CARDELLA TRUCKING Co., Appellant, and NEW YORK HOSPITAL, Respondent. [793 NYS2d 337]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 27, 2003, which, to the extent appealed from, denied so much of defendant Cardella's cross motion as sought summary judgment dismissing defendant New York Hospital's cross claim, and which also denied defendant hospital's motion for summary judgment dismissing plaintiff's remaining cause of action against it under Labor Law § 241 (6), unanimously reversed, on the law, without costs, Cardella's cross motion granted, and, upon a search of the record, plaintiff's Labor Law § 241 (6) claim against the hospital dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an employee of the construction manager of a renovation project at defendant hospital, was injured when a dumpster cart furnished by defendant Cardella tipped over onto him, allegedly because of a defective wheel, as he was pulling it up a ramp to be hauled away. Plaintiff initially brought this action against both the hospital and Cardella, but subsequently discontinued it voluntarily as against Cardella.

Following discovery, the hospital moved and Cardella cross-moved for summary judgment dismissing plaintiff's claims and the respective cross claims asserted against them. The court granted the hospital's request to dismiss Cardella's cross claim for contribution or indemnification, without opposition. The court also dismissed plaintiff's claims under Labor Law §§ 200 and 240 (1) and his common-law negligence claim, without opposition. However, the court denied that branch of the hospital's motion for summary judgment dismissing plaintiff's claim that the hospital had violated section 241 (6) for failure to comply with Industrial Code (12 NYCRR) § 23-1.28 (b), which mandates that "[w]heels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles." The court denied as moot Cardella's similar request for summary judgment dismissing plaintiff's section 241 (6) claim based on plaintiff's discontinuance of the action as against it. Finally, the court denied that branch of Cardella's cross motion for summary judgment dismissing the hospital's cross claim for indemnification.

The hospital has not appealed from that part of the order denying its request for summary dismissal of the remaining section 241 (6) claim, and Cardella only appeals from that part of the order which denied summary judgment dismissing the hospital's cross claim for indemnification. In response to Cardella's appeal, the hospital argues that if we find that its cross claim against Cardella should have been dismissed, then, "by operation of law, plaintiff cannot establish a *prima facie* case against the Hospital either." In that case, the hospital requests that we grant it summary judgment dismissing plaintiff's remaining cause of action on a search of the record.

The section 241 (6) cause of action should have been dismissed for lack of nonspeculative evidence, in admissible form, that one of the cart's wheels was defective (*see Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1995]). Cardella met its burden of proof as the proponent of summary judgment by tendering evidentiary proof in admissible form (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]) that there was no demonstrated connection between the cart

that fell on plaintiff and the cart that plaintiff identified as the cart that fell on him. Specifically, plaintiff testified at deposition that he did not notice the wheels on the cart before the accident, and his foreman testified that after the accident, the cart continued to be used and he saw "[n]o visible damage" to the cart's wheels.

In order to defeat Cardella's cross motion, it was incumbent upon plaintiff to show "the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). This plaintiff failed to do. His claim concerning the condition of the cart's wheels relies first on his own deposition testimony that, after being released from the hospital, his foreman told him that the cart which fell on him was turned upside down outside the premises. No excuse is offered for this "failure to meet the strict requirement of tender in admissible form" (*Friends of Animals*, 46 NY2d at 1068). Moreover, plaintiff's foreman gave a contrary statement under oath. When asked whether he remembered the conversation he had with plaintiff after plaintiff was released from the hospital, he stated "No. Feel better."

Plaintiff also asserts that after being released from the hospital several hours after the incident, he went to the curb outside the hospital where the damaged carts were placed; that before the accident there were five carts at the curb which had been outside for approximately three weeks waiting for Cardella to remove them; that after the accident there were six carts, only one of which was not discolored from the weather; and that the housing on one of the wheels of the sixth cart was "bent inward." Plaintiff concluded that this must have been the cart that fell because it was not weather-worn. Such conclusion is wholly speculative, there being no competent evidence that the cart on the curb that plaintiff described as having a bent wheel was the same cart that fell on him, and thus insufficient to defeat summary judgment (*see Corcoran Group v Morris*, 107 AD2d 622, 624 [1985], *affd* 64 NY2d 1034 [1985]; *Tungsupong*, 213 AD2d at 238).

Accordingly, the court should have granted Cardella's cross motion for summary judgment dismissing the hospital's cross claim as against it. Upon a search of the record, we dismiss plaintiff's remaining Labor Law § 241 (6) claim. Concur—Friedman, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.