■ ARTHUR PICCHIONE, Respondent, v SWEET CONSTRUCTION CORP. et al., Respondents-Appellants, and FIRST LEXINGTON CORPORATION et al., Appellants. FIRST LEXINGTON CORPORATION et al., Third-Party Plaintiffs-Appellants, v DISCOVERY COMMUNICATIONS, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. DISCOVERY COMMUNICATIONS, INC., Third-Party Plaintiff-Appellant, v ARC ELECTRIC CONSTRUCTION Co., Third-Party Defendant-Appellant. FIRST LEXINGTON CORPORATION et al., Third-Party Plaintiffs-Appellants, v DISCOVERY NEW YORK, INC., Third-Party Defendant-Respondent. (And Two Other Third-Party Actions.) [875 NYS2d 42]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 1, 2008, which, inter alia, denied the motion by defendants First Lexington and Rudin Management for summary judgment dismissing the complaint and for indemnification on their cross claim against codefendant Sweet Construction and their claims against defendant and third-party defendant Discovery Communications and third-party defendant Discovery New York, denied the motion by Sweet and third-party defendant Arc Electric for summary judgment dismissing all claims against them, granted the cross motion by Discovery Communications for summary judgment dismissing the complaint as against it and for common-law indemnification against Sweet, and denied the cross motion by Discovery Communications, Discovery New York and third-party defendant Hartford Insurance for summary judgment with respect to plaintiff's Labor Law § 241 (6) cause of action and for common-law indemnification against Arc, unanimously modified, on the law, the motion by First Lexington and Rudin granted to the extent of dismissing the common-law negligence and Labor Law § 200 causes of action against them, and granting their claims for contractual and common-law indemnification against Sweet and contractual indemnification against Discovery New York, the cross motion by Discovery Communications for summary judgment for contractual indemnification against Arc granted, and otherwise affirmed, without costs.

Plaintiff was employed as a foreman by Arc, a subcontractor working on the gut renovation and build out of office space on the eighth floor of a building owned by First Lexington and managed by Rudin. Sweet was the general contractor, hired by Discovery Communications, the tenant occupying the premises under a lease between First Lexington and Discovery New York, the parent of Discovery Communications.

Plaintiff allegedly sustained a lower back injury while pushing a 300-to-400-pound loaded equipment cart along a hallway at the site when a wheel caught in a groove in the unfinished floor and broke, causing the cart to tip over and push him

against a wall. He seeks recovery for common-law negligence and pursuant to Labor Law §§ 200 and 241 (6). With respect to section 241 (6), plaintiff claims that the floor was broken up, uneven and filled with holes, depressions and other defects constituting a tripping hazard, in violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), and that the wheel of the cart was not "free-running and well secured" to its frame (§ 23-1.28 [b]).

The motion court properly denied dismissal of the section 241 (6) claim. Contrary to defendants' contentions, the Industrial Code sections relied upon are sufficiently specific positive mandates to impose liability under the statute (*see Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]; *Freitas v New York City Tr. Auth.*, 249 AD2d 184, 185 [1998]; *see generally Morris v Pavarini Constr.*, 9 NY3d 47, 50 [2007]). Moreover, in light of the testimony regarding defects in the raw floor, the fact that there was neither debris nor loose pieces of concrete in the hallway where the alleged accident occurred is irrelevant. Since First Lexington and Rudin failed to carry their burden as movants to show that the wheel was not defective (*cf. Ruggiero v Cardella Trucking Co.*, 16 AD3d 342, 343-344 [2005]), the burden never shifted to plaintiff to submit an expert opinion to show that it was. In the absence of evidence that plaintiff destroyed the cart, rather than merely having it removed from the area, there is no basis for any spoliation sanction; plaintiff's explanatory affidavit was properly considered, inasmuch as it did not contradict his earlier deposition testimony (*see e.g. Meyer v Moreno*, 258 AD2d 315, 316 [1999]).

The court also properly denied Sweet's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims. In view of the evidence that Sweet or its demolition contractor created the allegedly defective condition of the floor, the question whether it exercised supervision or control over the work or had notice of the defective condition is irrelevant (*see Piazza v Shaw Contract Flooring Servs., Inc.*, 39 AD3d 1218 [2007]). There was no issue of fact as to where the alleged accident occurred, since the unsworn physician reports suggesting a different location were inadmissible hearsay and, in any event, insufficient (*see Flaherty v American Turners N.Y.*, 291 AD2d 256, 257-258 [2002]); moreover, the apparent discrepancy was reconciled by plaintiff's deposition testimony.

Contribution and common-law indemnification were properly denied against Arc, plaintiff's employer, since there was no showing of "grave injury" (*see* Workers' Compensation Law § 11; *Konior v Zucker*, 299 AD2d 320 [2002]).

However, the Labor Law § 200 and common-law negligence

claims against First Lexington and Rudin should have been dismissed. The fact that their employee had walked the construction site to monitor compliance with their alteration specifications, which contained virtually no directives regarding safety, constituted the type of general supervision that does not establish liability against an owner (*see Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272-273 [2007], *lv denied* 10 NY3d 710 [2008]; *see also Geonie v OD & P NY Ltd.*, 50 AD3d 444, 445 [2008]).

First Lexington and Rudin should also have been granted common-law and contractual indemnification from Sweet. The common-law indemnification claim prevails since these defendants were not liable for common-law negligence or pursuant to Labor Law § 200, and were only vicariously liable under section 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-349 [1998]), while indemnitor Sweet was negligent (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 64-65 [1999]). With respect to contractual indemnification, the stand-alone Sweet indemnity agreement was an enforceable writing, containing sufficient detail and signed by the party to be charged. Even if this agreement purported to indemnify First Lexington and Rudin for their own negligence, it would be enforceable under General Obligations Law § 5-322.1 because they were in fact not negligent (*see Rhodes-Evans v 111 Chelsea LLC*, 44 AD3d 430, 434 [2007]); granting indemnification would not be premature (*see e.g. Mejia v Levenbaum*, 57 AD3d 216 [2008]), even though a judgment has not been entered or paid in the main action.

First Lexington and Rudin should also have been granted summary judgment on their claim against Discovery New York for contractual indemnification under the lease. While managing agent Rudin was not a party to the lease, the provision nonetheless indemnified it as the "owner's agent." Such an indemnity provision does not run afoul of General Obligations Law § 5-322.1.

Discovery Communications should also have been granted summary judgment on its claim for contractual indemnification pursuant to the Sweet-Arc subcontract. It is undisputed that Discovery Communications hired Sweet for the alterations, and First Lexington played no role in the hiring; therefore, contrary to the understanding of the motion court, Discovery Communications was "the owner" contemplated by the indemnification provision. It is thus unnecessary to speculate whether the parties, for contractual purposes, adopted the Labor Law meaning of "owner," which encompasses a person with an interest in

the property who contracts to have work performed for his benefit (*Zaher v Shopwell, Inc.*, 18 AD3d 339 [2005]), or whether Discovery Communications was an intended beneficiary of the provision merely because the subcontract indicated that the work was to be performed at its premises. Since Discovery Communications was not negligent, the indemnification provision is enforceable under the General Obligations Law (*see Rhodes-Evans*, 44 AD3d at 434). Moreover, the agreement to indemnify "to the fullest extent permitted by law" should be read in a manner giving effect to this provision, rather than rendering it void (*see Murphy v Columbia Univ.*, 4 AD3d 200, 202-203 [2004]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ. [*See* 2008 NY Slip Op 31858(U).]