■ JUAN VARGAS, Respondent, v PETER SCALAMANDRE & SONS, INC., et al., Respondents-Appellants, and RAD & D'APRILE CON-

STRUCTION CORP., Appellant-Respondent, and AB GREEN GAN-SEVOORT, LLC, Respondent, et al., Defendant. (And a Third-Party Action.) [963 NYS2d 73]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 1, 2011, which, to the extent appealed from as limited by the briefs, denied the motion of Rad & D'Aprile Construction Corp. (Rad) for summary judgment dismissing the Labor Law § 241 (6) and common-law negligence claims against it, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered July 30, 2012, which, to the extent appealed from as limited by the briefs, denied the motions for summary judgment of defendant Peter Scalamandre & Sons, Inc. (Scalamandre), defendants Interstate Industrial Corp. and Interstate Industrial, Inc. (Interstate) and defendant Ferrara Bros. Building Materials Corp. (Ferrara), unanimously modified, on the law, to grant Interstate summary judgment dismissing the complaint and all cross claims against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against defendants Rad and Interstate.

Labor Law § 241 (6) does not automatically apply to all subcontractors on a site or in the "chain of command" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [1st Dept 2011]). Rather, for liability under the statute to attach to a defendant, a plaintiff must show that the defendant exercised control, either over the plaintiff, the specific work area involved or the work that gave rise to the injury (*see Nascimento*, 86 AD3d at 193).

Here, while there is evidence connecting defendant concrete supplier Ferrara and concrete contractor Scalamandre to the particular pile of material over which plaintiff fell, there is insufficient evidence connecting bricklayer Rad and concrete contractor Interstate to that pile. Plaintiff's supervisor testified that the pile that caused plaintiff to fall had been caused earlier that day by a Ferrara truck driver washing out his truck onto the ground after delivering a load of concrete to Scalamandre. This supervisor claims to have alerted Scalamandre's supervisor of the condition, who told him he would get to it when he had a chance. Thus, Ferrara and Scalamandre's motions seeking dismissal of plaintiff's Labor Law § 241 (6) claims against them were properly denied, since questions of fact exist as to whether those defendants exercised control over the work that gave rise

to the injury, the disposal of excess concrete in the course of their operations.

That defendant Interstate received a delivery from Ferrara to a different area of the site does not connect them to the accident, and the fact that Rad may have left mortar on the ground on past occasions is irrelevant since there is no evidence in the record that the pile of material over which plaintiff fell was left by Rad. That Rad or Interstate may have contributed to other accumulations of debris is irrelevant as those accumulations were not implicated in plaintiff's accident.

On the same facts, plaintiff's common-law claims against Rad and Interstate, and his Labor Law § 200 claim against Interstate are dismissed. However, in that evidence was adduced that Ferrara created the pile (*see Hernandez v Argo Corp.*, 95 AD3d 782 [1st Dept 2012]), that Scalamandre was obligated by contract to clean the concrete wash down area during pour operations (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]), and that Scalamandre was placed on actual notice that its vendor had created the pile, their motions to dismiss plaintiff's common-law and Labor Law § 200 claims were properly denied (*see Murphy v Columbia Univ.*, 4 AD3d 200, 202 [1st Dept 2004]). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.