■ MICHAEL AHERN, Appellant, v NYU LANGONE MEDICAL CENTER et al., Respondents, et al., Defendant. [48 NYS3d 39]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 14, 2015, which, to the extent appealed from as limited by the briefs, granted defendant Cardella Trucking Company, Inc.'s motion, and defendants NYU Langone Medical Center and Hospital for Joint Diseases' (together the NYU Hospital defendants) motion, for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim predicated upon an alleged violation of Industrial Code (12 NYCRR) § 23-1.28 (b), and denied plaintiff's cross motion for partial summary judgment on the same claim, unanimously modified, on the law, to deny the NYU Hospital defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim as against them, and otherwise affirmed, without costs.

While working as a laborer on a construction site at defendant Hospital for Joint Diseases, plaintiff allegedly sustained injuries when the wheel of a mini-container rolled over his foot. Defendant Cardella had provided the mini-containers that the laborers used to remove debris from the work site. Plaintiff and the other laborers would move these mini-containers across the floor to a hoist that would lower them to the street level, where a Cardella employee would empty the contents into a Cardella truck, and then return the mini-container to the laborers. Cardella employees were not at the work site daily; they came to the work site only when the contractors called them to empty the containers.

At his deposition, plaintiff testified that just before his alleged accident, he and another laborer were demolishing a cement wall in preparation for a renovation of the hospital's seventh floor. In the course of that work, plaintiff was trying to wheel a mini-container containing 500 to 800 pounds of construction debris to a hoist on the outside of the building so that workers could empty the contents. While pulling the mini-container, plaintiff noticed that it was moving only "intermittently," and that it would "start and stop." When plaintiff eventually pulled hard on the container in an effort to move it, one of the wheels of the mini-container ran over his foot and came to rest there, injuring him. Within approximately 30 minutes of the alleged accident, plaintiff informed his foreman that the wheel on the mini-container had been "messed up."

Plaintiff commenced this action asserting causes of action under, among other things, Labor Law § 241 (6). The Labor Law claim was predicated on Industrial Code (12 NYCRR) § 23-1.28 (b), pertaining to hand-propelled vehicles.* With respect to those claims, plaintiff alleged in the complaint that the mini-container that had rolled over his foot did not have "free-running" wheels as required by the Industrial Code.

The motion court properly dismissed the complaint as against Cardella. Cardella established that it was not an agent of the owner under Labor Law § 241 (6), since it did not have the authority to direct, supervise, or control the injury-producing work (*see Lopez v Dagan*, 98 AD3d 436, 437 [1st Dept 2012], *lv denied* 21 NY3d 855 [2013]). Rather, Cardella was merely the supplier of the allegedly defective mini-container, against whom liability under the Labor Law cannot be imposed (*see Noah v 270 Lafayette Assoc.*, 233 AD2d 108, 109 [1st Dept 1996]).

However, the Labor Law § 241 (6) claim against the NYU Hospital defendants should have gone forward. Plaintiff testified that immediately before the alleged accident, he struggled to move the mini-container after the wheel apparently became stuck, and that as a result, he was injured when the mini-container rolled onto his foot when he forcefully pulled it in an attempt to move it. This uncontradicted testimony presents a question of fact on whether the wheels on the mini-container were "free-running" as required by 12 NYCRR 23-1.28 (b) (*see Freitas v New York City Tr. Auth.*, 249 AD2d 184, 185-186 [1st Dept 1998]), and the NYU Hospital defendants failed to carry their burden as the movant to show that the wheel on the mini-container was not defective (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 512 [1st Dept 2009]). Likewise, the motion court properly denied plaintiff's cross motion for partial summary judgment on his section 241 (6) claim.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.

---

* Plaintiff originally commenced this action against three NYU defendants: New York University, NYU Langone Medical Center, and Hospital for Joint Diseases. After NYU Langone Medical Center and the Hospital for Joint Diseases admitted that they owned the property on the date of plaintiff's alleged accident, the parties agreed by stipulation that plaintiff would discontinue the action against New York University.