Sancino v Metropolitan Transp. Auth. (2020 NY Slip Op 03615)





Sancino v Metropolitan Transp. Auth.


2020 NY Slip Op 03615


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11713 159913/13

[*1] Joseph Sancino, Plaintiff-Appellant,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents, The Related Companies, Inc., Defendant.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about March 4, 2019, deemed appeal from judgment, entered March 28, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Metropolitan Transportation Authority, New York City Transit Authority, MTA Capital Construction Company, Hudson Yards Development Corporation, and the City of New York (collectively defendants) for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against them, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Plaintiff was an ironworker who was attempting to move a wheeled dumpster over an unfinished floor covered in portions by plywood slabs. As he reached a lip in the plywood, he heard a crack, and felt what he believed to be one of the wheels breaking. The dumpster became off balance and began to topple over, and when another site worker attempted to help, the dumpster toppled over on to plaintiff, allegedly injuring his toe. Plaintiff commenced this action asserting causes of action under, inter alia, Labor Law § 241(6).
The motion court erred in dismissing so much of plaintiff's Labor Law § 241(6) claim premised upon violations of Industrial Code (12 NYCRR) §§ 23-1.28(b), 23-1.5(c), and 23-1.7(e)(2).
Plaintiff's claim premised upon § 23-1.7(e)(2), which concerns debris in passageways, is viable because the area where the accident occurred was a passageway for the purposes of that provision (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668 [1st Dept 2019]; Lois v Flintlock Constr. Servs., LLC, 137 AD3d 446 [1st Dept 2016]). The provision applies not just when loose debris causes a direct trip and fall, but also in circumstances similar to those involved here (see Picchione v Sweet Constr. Corp., 60 AD3d 510 [1st Dept 2009]).
With regard to § 23-1.28(b), which pertains to hand-propelled vehicles, and § 23-1.5(c), which prohibits use of machinery or equipment that is not in good repair and safe working condition, defendants failed to make a prima facie showing that the wheeled dumpster was not defective (see Ahern v NYU Langone Med. Ctr., 147 AD3d 537 [1st Dept 2017]; Picchione, 60 AD3d at 512; compare Ruggiero v Cardella Trucking Co., 16 AD3d 342 [1st Dept 2005]). Plaintiff's argument concerning the applicability of § 23-2.1(a) however, is unpersuasive, as the accident did not occur due to the methods of material storage.
This Court declines to consider plaintiff's arguments concerning Labor Law 240(1), since [*2]he abandoned that claim by failing to oppose that aspect of defendants' motion (see Ng v NYU Langone Med. Ctr., 157 AD3d 549 [1st Dept 2018]; Josephson LLC v Column Fin., Inc., 94 AD3d 479 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK