Celentano v City of New York (2023 NY Slip Op 00151)

Celentano v City of New York

2023 NY Slip Op 00151

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 301362/13E Appeal No. 17097 Case No. 2021-04735 

[*1]Andrea Celentano etc., Plaintiff-Appellant,
v
City of New York et al., Defendants-Appellants, ZHL Group, Inc., Defendant-Respondent. [And a Third-Party Action.]

Pascale Law, Mineola (Brian C. Pascale of counsel), for Andrea Celentano, appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for The City of New York and New York City Department of Parks and Recreation, appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 5, 2021, which granted defendant ZHL Group, Inc.'s (ZHL) motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff's decedent, John Marrero, sustained injuries when he tripped over a concrete cinder block at a construction site. Defendants City of New York and New York City Department of Parks and Recreation (the City defendants) had accepted bids for the construction of a comfort station at P.S. 100 playground in Bronx County. ZHL served as the architectural contractor on the project. The decedent was an employee of nonparty Summit Mechanical Systems, Inc., the HVAC/mechanical contractor, and was setting up temporary heating inside a mechanical room at the time of the accident.
Contrary to plaintiff's contention, ZHL was not a general contractor within the meaning of the Labor Law such that ZHL had a duty to maintain the overall safety of the worksite. Rather, the record established that ZHL was a prime contractor on the project. Although the construction manager for the City defendants referred to ZHL as a "general contractor," he also testified that he used the terms "general contractor" and "prime contractor" interchangeably, and that ZHL was under a prime contract with the City for general construction work and had no authority over the other prime contractors or their subcontractors (see generally Russin v Louis N. Picciano & Son, 54 NY2d 311 [1981]).
The foregoing notwithstanding, ZHL may still be held liable if it created the condition that caused the decedent's accident (see Vargas v Peter Scalamandre & Sons, Inc., 105 AD3d 454, 456 [1st Dept 2013]; Urbina v 26 Ct. St. Assoc., LLC, 12 AD3d 225, 226 [1st Dept 2004]). ZHL made a prima facie showing that it did not. Although ZHL conceded that its work required the use of cinder blocks, it also demonstrated that it left the job site four months prior to the accident, and that there was no evidence connecting it to the particular block at issue. Further, the City's construction manager testified that he had been in the mechanical room on a regular basis during the four months between ZHL leaving the job site and the accident, and that he never observed a cinder block in the middle of the room. In opposition, neither plaintiff nor the City defendants submitted proof sufficient to raise a triable issue of fact. In view of the foregoing, we need not reach ZHL's contention as to whether the defect was open and obvious.
The City defendants' cross claims for contractual indemnification against ZHL were correctly dismissed in light of the evidence establishing that the accident did not "aris[e] out of" ZHL's work.
We have considered plaintiff's and the City defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: January 12, 2023