Hernandez v Port Auth. of N.Y. & N.J. (2025 NY Slip Op 04843)

Hernandez v Port Auth. of N.Y. & N.J.

2025 NY Slip Op 04843

Decided on September 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 04, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Index No. 24386/16|Appeal No. 4232|Case No. 2023-05712|

[*1]Roberto Hernandez et al., Plaintiffs-Respondents,
v
The Port Authority of New York and New Jersey, et al., Defendants-Respondents-Appellants, Precision-Aire Inc., Defendant-Appellant-Respondent, Structure Tone, Inc., et al., Defendants.
Sajo, Inc., Third-Party Plaintiff-Appellant Respondent,
v
PB Ventilating Systems Inc., Third-Party Defendant-Respondent Appellant.
Precision-Aire, Inc., Second Third-Party Plaintiff- Appellant-Respondent,
v
PB Ventilating Systems Inc., Second Third-Party Defendant- Respondent-Appellant.

Law Office of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Precision-Aire Inc., appellant-respondent.
Zelle LLP, New York (Alexander Cogbill of counsel), for The Port Authority of New York and New Jersey, New WTC Retail Owner LLC, WTC Retail LLC, Westfield Corporation, Westfield WTC Holdings LLC, Apple Inc., respondents-appellants and Sajo, Inc., respondent-appellant/appellant-respondent.
Barker Patterson Nichols, LLP, Valhalla (Adonaid C. Medina of counsel), for PB Ventilating Systems, Inc., respondent-appellant.
Law Offices of William Cafaro, New York (William Cafaro of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 24, 2023, which, to the extent appealed from as limited by the briefs, (i) denied the motion of Precision-Aire, Inc. (PAI) for summary judgment dismissing plaintiffs' Labor Law §§ 240(1), 241(6), and 200 and common-law negligence claims and all contractual indemnification claims against it and on its contractual indemnification claim against third-party defendant PB Ventilating Systems, Inc. (PB Vent), granted plaintiffs' motion for partial summary judgment on their Labor Law § 241(6) claim as against PAI, and granted the respective motions of defendants O'Kane Enterprises Ltd. and Centre Street Systems, Inc. (CSS) for summary judgment dismissing plaintiffs' Labor Law claims as against them; (ii) denied the motion of defendants The Port Authority of New York and New Jersey, New WTC Retail Owner LLC, WTC Retail LLC, Westfield WTC Holdings LLC (collectively, WTC Owners), Apple, Inc., and Sajo, Inc. for summary judgment dismissing plaintiffs' Labor Law §§ 240(1) and 241(6) against them and the Labor Law § 200 claim against Sajo and for contractual indemnification against PAI and PB Vent, and granted plaintiffs' motion for partial summary judgment on their Labor Law §§ 240(1) and 241(6) claims as against them; (iii) denied the motion of CSS for summary judgment dismissing all common-law claims, cross-claims, and Structure Tone, Inc.'s claim for contractual indemnification as against it; (iv) denied the motion of O'Kane for summary judgment dismissing the contractual indemnification claims of WTC Owners and Sajo as against it and granted their motion for contractual indemnification against O'Kane, granted PAI's motion for summary dismissal of O'Kane's counterclaims and cross-claims, and sua sponte determined that O'Kane is not entitled to dismissal of plaintiffs' common-law claims against it; and (v) denied the motion of PB Vent for summary judgment dismissing PAI, WTC Owners, and Sajo's contractual indemnification claims against it, unanimously modified, on the law, to deny O'Kane's motion for summary dismissal of the Labor Law claims against it; grant the motions of PAI and CSS dismissing the Labor Law § 200 and common-law negligence claims against them; grant WTC Owners and Apple's motion for contractual indemnification against PAI; grant WTC Owners' motion for contractual indemnification against O'Kane to the extent of granting it conditional contractual indemnification against it; grant Sajo's motion to the extent of granting it conditional contractual indemnification against PAI and O'Kane; grant CSS's motion for summary judgment dismissing Structure Tone's contractual indemnification claims against it, and otherwise affirmed, without costs.
This action arises out of an accident at the World Trade Center Oculus Project. Structure Tone was the owner's general contractor in charge of overseeing the pre-buildouts of various retail stores in the Oculus. Structure Tone subcontracted certain drywall work to CSS. After the pre-build-out of an Apple Store was completed in March of 2016, it was turned over to Apple's general contractor, Sajo, to oversee the store's build-out and finish work. Sajo subcontracted various work, including floor protection, to O'Kane. Sajo subcontracted HVAC work to PAI, which sub-subcontracted a portion of that work to PB Vent. In April of 2016, plaintiff Roberto Hernandez, a sheet metal worker employed by PB Vent, was installing ductwork in the Apple Store. He encountered a dolly, loaded with sheets of Masonite, and attempted to move it out of the way of where he needed to work. The dolly moved "a foot, maybe two" when it suddenly stopped and tipped over onto plaintiff. Photographs taken of the cart's wheels reflect that they were cracked and had an embedded nail. The dolly was marked "CSS" on the bottom, but the Masonite sheets were the materials of O'Kane, which used them in connection with its floor protection.
The motion court correctly found that PAI was a proper Labor Law defendant. PAI had authority to supervise the HVAC work and demonstrated this authority by subcontracting a portion of the HVAC work to plaintiff's employer (see Weber v Baccarat, Inc., 70 AD3d 487, 488 [1st Dept 2010]; see also Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011]). O'Kane is also a proper Labor Law defendant as the record raises triable issues of fact as to whether it placed its materials on a defective dolly inside the Apple Store in the area of the HVAC run, so as to exercise control over the work area involved in the accident (see Vargas v Peter Scalamandre & Sons, Inc., 105 AD3d 454, 455-456 [1st Dept 2013]). CSS, however, is not a proper Labor Law defendant. CSS was not in privity with Apple or any of the contractors or subcontractors involved in the store's build-out, had no control over plaintiff or the accident location, and its work did not give rise to the accident. While there is circumstantial evidence that the dolly belonged to CSS, it was being used by O'Kane to transport O'Kane's materials. There is no evidence that CSS was aware that O'Kane had taken it, let alone had CSS's permission to do so. There is evidence, however, that CSS complained to Structure Tone before the accident about other trades taking its equipment.
Plaintiffs were properly granted partial summary judgment on their Labor Law § 240(1) claim. While the elevation difference was relatively short, the Masonite weighed approximately 1200 pounds, bringing the accident within the protections of the statute (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 [2011]; Touray v HFZ 11 Beach St. LLC, 180 AD3d 507, 507 [1st Dept 2020]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]; see also Runner v New York Stock Exch., Inc. 13 NY3d 599 [2009]). The argument of WTC Owners, Apple, and Sajo that plaintiff was the sole proximate cause of his accident is unpersuasive. While their expert opined that plaintiff misused the cart by pulling it towards him, that version of the accident is contradicted by the record. Nor could plaintiff's decision to move the cart out of the way of his workspace be considered the sole proximate cause of his accident, particularly where his coworker and foreman testified that they would have done the same thing (see
e.g. Hayek v Metropolitan Transp. Auth., 195 AD3d 568, 568 [1st Dept 2021]; see also Biaca-Neto v Boston Road II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020]). Moreover, any error on plaintiff's part in moving the dolly cannot be the sole proximate cause of the accident given its defective condition (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008]). In light of this determination, the parties' contentions regarding plaintiffs' claim pursuant to Labor Law § 241(6) are academic. Were we to reach that claim, however, we would find that the motion court correctly granted summary judgment in plaintiff's favor. Photographs of the wheels and the testimony of multiple witnesses from different trades established that the dolly was in violation of Industrial Code (12 NYCRR) § 23-1.28(b) (see Ahern v NYU Langone Med. Ctr., 147 AD3d 537, 538 [1st Dept 2017]; Freitas v New York City Transit Auth., 249 AD2d 184, 185-186 [1st Dept 1998]); compare Ruggiero v Cardella Trucking Co., 16 AD3d 342, 343-344 [1st Dept 2005]).
The motion court correctly denied summary judgment to Sajo as to plaintiff's Labor Law § 200 claim. Sajo, the general contractor, failed to make out a prima facie showing that it was not on notice of the defective dolly being used on its project. PAI, however, did not have the same general supervision over the workspace as Sajo. While PAI had authority to supervise plaintiff, the accident was not caused by the means and methods of plaintiff's work, nor any equipment over which PAI had responsibility or control. Thus, plaintiffs' claims against PAI under Labor Law § 200 and common-law negligence should be dismissed. For the same reasons, O'Kane's cross-claims and counterclaims against PAI were properly dismissed. Plaintiffs' Labor Law § 200 and common-law negligence claims should also have been dismissed against CSS. As noted, there is no evidence that CSS lent its dolly to anyone or even had knowledge of it being used by O'Kane. Sajo's superintendent testified that he did not even know who CSS was, and O'Kane's foreman testified that he never spoke to any of his or Sajo's employees to determine how the CSS dolly came to be used to transport and store O'Kane's materials. We decline to entertain O'Kane's argument that plaintiffs' common-law claims should be dismissed against it, as it did not seek such relief below (see Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 524 [1st Dept 2021]).
WTC Owner, Sajo, and Apple are entitled to summary judgment on their contractual indemnification claim against PAI. The indemnity clause, which provided for indemnification "arising out of or resulting from, the performance or nonperformance" of PAI's work, was triggered as the accident arose out of PAI's HVAC contract and its subcontract to PB Vent. Indemnification in favor of Sajo, however, is conditional, as plaintiffs' common-law and Labor Law § 200 claims remain against it. The motion court correctly granted WTC Owners and Sajo summary judgment on their contractual indemnification claim against O'Kane, but again, indemnification in favor of Sajo is conditional. The indemnification in favor of WTC Owners is also conditional as issues of fact remain as to whether the accident arose out of O'Kane's work. The motion court also correctly denied Apple such relief, as they are not named in the subject indemnity clause (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Sicilia v City of New York, 127 AD3d 628, 628 [1st Dept 2015]). The argument of WTC Owner and Apple that they are entitled to contractual indemnification against PB Vent is unpersuasive, as they have never made any such claims against PB Vent. While Sajo did commence a third-party action against PB Vent asserting such claims, Sajo is neither named, nor described in the indemnification provision at issue, and thus is not entitled to indemnification. Sajo is not an "agent" as that term is used in the agreement between PAI and PB Vent, as an agreement to indemnify must be strictly construed, and the intent to indemnify must be clearly implied (see Shah v 20 E. 64th St. LLC, 230 AD3d 405, 410 [1st Dept 2024]). Issues of fact preclude summary resolution of PAI's contractual indemnification claims against PB Vent. While PAI argues that plaintiff's actions were wrongful acts, errors, or omissions, triggering the indemnity clause in the contract between them, there has been no such finding. Structure Tone's contractual indemnification claims against CSS should be dismissed, as there is no evidence that the accident arose "in whole or in part and in any manner from the acts, omissions, breach or default of [CSS]" so as to trigger the indemnification provision in the CSS-Structure Tone contract.
The Decision and Order of this Court entered herein on May 1, 2025, is hereby recalled and vacated (see M-3116 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 4, 2025