Pina v City of New York

2026 NY Slip Op 02348

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Richard Pina Plaintiff-Respondent,

v

The City of New York et al., Defendants-Appellants.

The City of New York et al., Third-Party Plaintiffs-Appellants,

Procida Construction Corp. et al., Third-Party Defendants-Appellants.

&lsqb;And a Second Third-Party Action.&rsqb;

Decided and Entered: April 16, 2026

Index No. 22985/19|Appeal No. 6381|Case No. 2025-02374|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Perry, Van Etten, Rainis & Kutner, LLP, New York (Kevin J. Brenna of counsel), for appellants.

Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale (Mehjabeen S. Rahman of counsel), for Procida Construction Corp., Procida Construction Co., LLC and Alvin H. Butz, Inc., appellants.

Law Offices of Michael S. Lamonsoff, PLLC, New York (Jason Lesnevec of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about March 25, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants/third-party plaintiffs/second third-party plaintiffs New York City Housing Authority and Mill Brook Housing Development Fund Company Inc. for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and denied the motion of third-party defendants Procida Construction Corp., Procida Construction Co., LLC, and Alvin H. Butz, Inc. (together, Procida), for summary judgment dismissing plaintiff's Labor Law §§ 200, 240(1), 241(6) claims and common-law negligence claim against defendants, unanimously modified, on the law, without costs, to grant defendants' and Procida's summary judgment motions insofar as they sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims against defendants NYCHA and Mill Brook, and otherwise affirmed, without costs.

The motion court properly denied the branch of Procida's summary judgment dismissing plaintiff's Labor Law § 240(1) claim. Plaintiff testified that the mini dumpster which allegedly tipped over and fell on him was filled with concrete debris and was too heavy for plaintiff to straighten after it tilted. Thus, despite the facts that the mini dumpster was on the same level as plaintiff and stood only at chest height, it could still have posed a significant elevation-related hazard, depending on its weight and the force it could generate (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 405 [1st Dept 2018]). Further, defendants failed to establish that the mini dumpster was an adequate safety device as a matter of law as the record contains evidence that the mini dumpsters sometimes had to be moved with a pallet jack due to their weight.

The motion court also properly denied the branch of Procida's summary judgment motion seeking dismissal of plaintiff's Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.28 (a) and (b). The second sentence of subsection (a) and the first sentence of subsection (b) are sufficiently specific to serve as predicates for liability under Labor Law § 241 (6) (see Garcia v 95 Wall Assoc., LLC, 116 AD3d 413, 413 [1st Dept 2014]; Picchione v Sweet Constr. Corp., 60 AD3d 510, 512 [1st Dept 2009]).

[*2]

Under those subsections, there is an issue of fact as to whether the wheels of the mini dumpster were defective. Procida's foreman stated in an affidavit that, immediately after the accident, "the mini dumpster was in a fully upright position with all of its wheels attached and in working order", and that "[t]he mini[-]dumpster remained in use for the rest of the work day and was in full working condition." In contrast, although plaintiff initially testified at his deposition that he did not know what caused the mini dumpster to tip over, he later testified the accident occurred because there was a bad wheel on the mini dumpster. The trier of fact must resolve the competing evidence as to the cause of the accident.

The court, however, should have dismissed plaintiff's Labor Law § 200 and common-law negligence claims against defendants NYCHA and Mill Brook. The means and methods test applies to these causes of action, as the allegedly defective mini dumpster involved the manner of plaintiff's work and did not constitute a dangerous condition existing on the premises (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144-45 [1st Dept 2012]; see also Freitas v New York City Tr. Auth., 249 AD2d 184, 186 [1st Dept 1998]). Whether these defendants had constructive notice of the allegedly defective mini dumpster is irrelevant because they may only be held liable under § 200 if they exercised supervisory control over plaintiff's work (see Cappabianca, 99 AD3d at 144-45). There is no evidence that plaintiff's Labor Law § 200 claim arises from an alleged dangerous condition existing on the premises, and defendants submitted unrebutted evidence to show these defendants did not supervise plaintiff's work. Thus, the Labor Law § 200 and common-law negligence claims should have been dismissed as against them (see Villanueva, 162 AD3d at 406-07; Cappabianca, 99 AD3d at 144-45). Moreover, plaintiff did not oppose the motion of defendants NYCHA and Mill Brook to dismiss these causes of action against them.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026