JAIRO MARTINEZ, Plaintiff, v 342 PROPERTY LLC et al., Appellants, and SITE SAFETY LLC, Respondent. (And Other Actions.) [932 NYS2d 454]—

Under their written agreement, defendant Flintlock Construction Services, LLC (Flintlock), as general contractor, retained Site Safety to provide site safety management services, including maintenance of an onsite safety manager during normal business hours and whenever requested by Flintlock, to conduct

weekly safety meetings and periodic safety inspections as per applicable City rules, to advise Flintlock of any trades or subcontractors who failed to comply with the construction project's safety program, and to record observations of safety compliance or noncompliance. In an affidavit offered in opposition to Site Safety's summary judgment motion, Flintlock's field supervisor added that Site Safety "had the authority to stop work that was being performed in an unsafe manner," and averred that he had in fact seen Site Safety stop work, although he offered no details as to any such incident. The field supervisor further added that Flintlock "relied upon Site Safety to correct unsafe work practices at the site." The field supervisor asserted that, although he did not witness plaintiff's accident, he was at the worksite that day, and knew that Site Safety was also present that day "performing safety inspections." In his affidavit, Site Safety's onsite safety manager attested that he rendered services as outlined in the parties' contract, and did not "control, supervise or direct" any work at the site. The safety manager particularly denied supervising or controlling any of plaintiff's work. The safety manager also stated that he did not witness plaintiff's accident, stating that he learned of it from other workers.

In sum, viewing the record in the light most favorable to appellants, Site Safety advised Flintlock on safety matters and, at most, had the authority to stop unsafe work practices. Under these circumstances, Site Safety lacked the control over the conduct of work at the project necessary to impose liability upon it under Labor Law § 200 or common-law negligence (see Geonie v OD & P NY Ltd., 50 AD3d 444, 445 [2008]; Hughes v Tishman Constr. Corp., 40 AD3d 305, 309 [2007]; Singh v Black Diamonds LLC, 24 AD3d 138, 139-140 [2005]). Site Safety is accordingly entitled to summary judgment dismissing appellants' contribution and common-law indemnity claims, premised on Site Safety's alleged common-law negligence and violation of Labor Law § 200 (see Vasiliades v Lehrer McGovern & Bovis, 3 AD3d 400, 401-402 [2004]). The parties' contract provides for Site Safety to indemnify Flintlock only for losses caused by Site Safety's negligence. Since Site Safety lacked control over plaintiff's work, Site Safety is likewise entitled to summary judgment dismissing appellants' contractual indemnification claim (see Kemp v Lakelands Precast, 55 NY2d 1032, 1034 [1982]; Arteaga v 231/249 W 39 St. Corp., 45 AD3d 320, 321 [2007]). We reject Flintlock's argument that it is entitled to contractual indemnification, because it relied on Site Safety to correct unsafe work practices. Flintlock's argument in this regard is based solely on its field supervisor's allegation to that

470

effect in his affidavit, as the parties' contract makes no mention of Flintlock's intention to rely on Site Safety to correct unsafe work practices. Instead, the contract unambiguously limits Site Safety's indemnification duty to instances of negligence by Site Safety. Accordingly, there is no basis to look outside of the contract to discern Flintlock's alleged intention to rely on Site Safety to correct unsafe work practices (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 193 [1995]). In any event, Flintlock's assertion that it relied upon Site Safety to stop unsafe work practices cannot obviate the contract's clear provision that Site Safety would owe a duty to indemnify only if it were negligent. Since there is no evidence that Site Safety was negligent, it owes no duty to indemnify Flintlock under the contract.

We agree with the motion court's finding that appellants have failed to point to any facts within the exclusive knowledge of Site Safety which may exist and are essential to justify opposition to the summary judgment motion. We thus affirm the motion court's conclusion that there was no need to await further discovery prior to decision of the motion (*see* CPLR 3212 [f]; *Auerbach v Bennett*, 47 NY2d 619, 636 [1979]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359, 361 [1995]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.