■ JANINA WILK, Respondent, v COLUMBIA UNIVERSITY et al., Appellants, and A.C.T. ABATEMENT CORPORATION et al., Respondents. COLUMBIA UNIVERSITY et al., Third-Party Plaintiffs-Appellants, v A.C.T. ABATEMENT CORPORATION, Third-Party Defendant-Respondent/Second Third-Party/Fourth-Party Plaintiff-Respondent. TOTAL SAFETY CONSULTING, LLC, Second Third-Party/Fourth-Party Defendant-Respondent/Third Third-Party Plaintiff-Respondent; BREEZE NATIONAL, INC., Third Third-Party Defendant-Respondent. [57 NYS3d 5]—

Order, Supreme Court, New York County (George J. Silver, J.), entered December 22, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability under Labor Law § 240 (1) against defendants/third-party plaintiffs Columbia University, the Trustees of Columbia University in the City of New York (collectively, Columbia) and Bovis Lend Lease, LMB, Inc. (Bovis); denied the branch of Columbia and Bovis's cross motion for summary judgment dismissing plaintiff's claims under Labor Law §§ 200, 240 (1) and 241 (6); denied the branch of Columbia and Bovis's cross motion seeking summary judgment on Bovis's claim for contractual indemnification against defendant/third-party defendant/second third-party/fourth-party plaintiff A.C.T. Abatement Corporation (ACT); denied the branch of Columbia and Bovis's cross motion seeking summary judgment on their common-law indemnification and contribution claims against ACT; denied the branch of Columbia and Bovis's cross motion seeking summary judgment on their claims for contribution and contractual and common-law indemnification against defendant/second third-party/fourth-party defendant/third third-party plaintiff Total Safety Consulting, LLC (Total Safety); and granted Total Safety's cross motion for summary judgment dismissing all claims, cross claims, and counterclaims against it; and order, same court and Justice, entered September 27, 2016, which, upon reargument, granted ACT's cross motion for summary judgment dismissing all claims against it, thereby effectively denying both Columbia and Bovis summary judgment on their contractual indemnification claim against ACT, and otherwise adhered to the prior order, unanimously modified, on the law, to grant the branch of Columbia and Bovis's cross motion seeking summary judgment on their contractual indemnification claim against ACT, and deny ACT's cross motion for summary judg-

ment dismissing that claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered September 27, 2016, which denied the motion by third third-party defendant Breeze National, Inc. to sever ACT's third-party action against Breeze, unanimously dismissed, without costs, as abandoned.

Plaintiff's decedent fell off an exterior scaffold and through a third floor window opening to an elevator shaft, suffering fatal injuries.

The motion court correctly granted plaintiff summary judgment on her Labor Law § 240 (1) claim against Columbia (the building owner) and Bovis (the construction manager). It is uncontested that the scaffolding lacked a guardrail on the side adjacent to the window opening through which decedent fell (*see Celaj v Cornell*, 144 AD3d 590, 590 [1st Dept 2016]; *Crespo v Triad, Inc.*, 294 AD2d 145, 146 [1st Dept 2002]; *Barnaby v A. & C. Props.*, 188 AD2d 958, 959 [3d Dept 1992]). Given this violation of the Labor Law, decedent's alleged failure to tie his lanyard to the scaffold is not the sole proximate cause of his fall (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Guaman v 1963 Ryer Realty Corp.*, 127 AD3d 454, 455 [1st Dept 2015]; *Hill v Stahl*, 49 AD3d 438, 442 [1st Dept 2008]).

Given the grant of partial summary judgment on plaintiff's Labor Law § 240 (1) claim, Columbia and Bovis's arguments regarding plaintiff's Labor Law §§ 200 and 241 (6) claims are academic (*Cronin v New York City Tr. Auth.*, 143 AD3d 419, 420 [1st Dept 2016]).

Columbia and Bovis are entitled to summary judgment on their contractual indemnification claim against ACT, based on paragraph seven of ACT's contract with Breeze, which provides for indemnification for claims arising out of ACT's work even if ACT is not negligent (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *see Keena v Gucci Shops*, 300 AD2d 82, 82 [1st Dept 2002]). The accident arose out of ACT's work, since ACT removed the window through which decedent fell (*see Murphy v Columbia Univ.*, 4 AD3d 200, 203 [1st Dept 2004]; *see also Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 274 [1st Dept 2007]). Given the foregoing, we need not reach Columbia and Bovis's claims against ACT for common-law indemnification and contribution (*see McGurk v Turner Constr. Co.*, 127 AD2d 526, 530 [1987]). In any event, the motion court correctly dismissed those claims (*see Martinez v 342 Prop. LLC*, 89 AD3d 468, 469 [1st Dept 2011]).

In the absence of evidence of Total Safety's negligence, the

motion court correctly granted Total Safety summary judgment dismissing Columbia and Bovis's claims for contribution and for contractual and common-law indemnification, all of which require a finding of negligence (*see Martinez*, 89 AD3d at 469). To the extent that Columbia and Bovis argue that Total Safety negligently performed its contract with Columbia, "[c]laims based on negligent or grossly negligent performance of a contract are not cognizable" (*Kordower-Zetlin v Home Depot U.S.A., Inc.*, 134 AD3d 556, 557 [1st Dept 2015] [internal quotation marks omitted]).

We have considered Columbia and Bovis's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.

---

Motion to strike portions of brief withdrawn pursuant to signed stipulation.