Adagio v New York State Urban Dev. Corp. (2019 NY Slip Op 00561)





Adagio v New York State Urban Dev. Corp.


2019 NY Slip Op 00561


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



mem
ad1
Adagio v New York State Urban Dev. Corp.
2019
ny
00561
8228 150273/13 160646/14 595336/14
This opinion is uncorrected and subject to revision before publication in the printed Official Reports.
Decided on January 29, 2019
Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.
8228 150273/13 160646/14 595336/14
[*1]William Adagio, et al., Plaintiffs,
New York State Urban Development Corporation, et al., Defendants-Respondents, Racanelli Construction Company, Inc., Defendant-Appellant, United States Roofing Corporation and A-Deck, Inc., et al., Defendants. [And A Third-Party Action]
Lawrence, Worden, Rainis & Bard, P.C., Melville (Roger B. Lawrence of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for 
Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 24, 2017, which, to the extent appealed from, denied defendant Racanelli Construction Company, Inc.'s motion for summary judgment dismissing defendants New York State Urban Development Corporation, Empire State Development Corporation, New York Convention Center Development Corporation, New York Convention Center Operating Corporation, and Triborough Bridge and Tunnel Authority's (the Javits Defendants) cross claim against it for contractual indemnification, unanimously affirmed, without costs.
Plaintiff, an employee of nonparty Tishman Construction Corporation of New York, was injured in a slip and fall while carrying a ladder back to its storage location in a yard at the Jacob Javits Center, which was undergoing renovation and the construction of a new building. He had brought the ladder to a particular section of a wall of the new building for use by Tishman's project architect in inspecting fire stop construction work purportedly done by defendant Racanelli. Racanelli was present at the site for 30 minutes during the inspection and later performed two days of remedial work necessitated by the findings of the inspection.
An issue of fact exists whether plaintiff's accident arose out of or resulted from the performance of Racanelli's work so as to trigger the broad indemnification provision in Racanelli's contract with Tishman. The provision, which expressly states that it is to be broadly interpreted in favor of the indemnitees, including the Javits Defendants, requires indemnification by Racanelli for all claims "arising out of or resulting from [inter alia] the performance of [its] Work." Contrary to Racanelli's contention, the finding that it was not liable for plaintiff's injuries does not render it free from liability for indemnification under this provision, which does not require that the damage or loss underlying a claim be attributable to negligence on Racanelli's part (see Wilk v Columbia Univ., 150 AD3d 502 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK