Corleto v Henry Restoration Ltd. (2022 NY Slip Op 04090)

Corleto v Henry Restoration Ltd.

2022 NY Slip Op 04090

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 24263/13 Appeal No. 16191 Case No. 2021-03690 

[*1]Edwin Saul Corleto, et al., Plaintiffs-Respondents,
v
Henry Restoration Ltd., Defendant-Appellant, Euclid Hall Housing Development Fund Company Inc., Defendant-Respondent.
Henry Restoration Ltd, Third-Party Plaintiff-Appellant,
v
BSK Restoration Corporation, Third-Party Defendant.

Gorton & Gorton LLP, Garden City (Thomas P. Gorton of counsel), for appellant.
Ginarte Gallardo Gonzalez & Winograd LLP, New York (Timothy Norton of counsel), for Edwin Saul Corleto and Alba Corleto, respondents.
Marshall, Conway, Bradley, Gollub & Weissman P.C., New York (Lauren R. Turkel of counsel), for Euclid Hall Housing Development Fund Company Inc., respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered August 24, 2021, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, and granted defendant Euclid Hall Housing Development Fund Company Inc.'s (Euclid) cross motion for summary judgment on its cross claims against defendant Henry Restoration, Ltd. (Henry) for contractual indemnification and conditional common law indemnification, unanimously affirmed, without costs.
Plaintiff's deposition testimony and expert evidence established prima facie that defendants violated Labor Law § 240(1) and that the violation proximately caused his injuries, where plaintiff fell from a height, through an unguarded side of a scaffold, after he and his coworker attempted to manually move the scaffold along a building's exterior faÇade (see Ordonez v One City Block, LLC, 191 AD3d 412 [1st Dept 2021]). In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of the accident. Defendants' reliance upon testimony of the subcontractor's president (plaintiff's employer) that plaintiff's coworkers informed him that plaintiff was in a rush and might have deliberately jumped from the platform, constituted out-of-court, nonprobative hearsay statements, and plaintiff's statement purportedly made to the subcontractor's president at the hospital is too vague to qualify as an admission against interest. In light of the grant of summary judgment to plaintiff on Labor Law § 240(1), the issue of Labor Law § 241(6) is academic (see Jerez v Tishman Constr. Corp., 118 AD3d 617 [1st Dept 2014]).
Euclid's cross claim for contractual indemnification was fully supported by the indemnification provision in the agreement Euclid, as project owner, entered into with Henry, as the general contractor, on the project. The indemnity provision's broad language required Henry to indemnify Euclid for any liability arising from Henry's negligence or that of its subcontractors, including BSK (plaintiff's employer), and no evidence was offered to indicate Euclid was in any way responsible for the accident (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]; Correia v Professional Data Mgt., Inc., 259 AD2d 60, 64 [1st Dept 1999]). In view of the foregoing, Euclid's cross-claim against Henry for common-law indemnification is academic (see Wilk v ColumbiaUniv., 150 AD3d 502, 503 [1st Dept 2017]; McGurk v Turner Constr. Co., 127 AD2d 526, 529 [1st Dept 1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022