Dejesus v Downtown Re Holdings LLC (2023 NY Slip Op 03287)

Dejesus v Downtown Re Holdings LLC

2023 NY Slip Op 03287

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 24596/17E, 43185/18E, 43453/18E, 43462/18E, 43525/18E Appeal No. 478 Case No. 2022-03321 

[*1]Brian Dejesus, Plaintiff,
v
Downtown Re Holdings LLC, et al., Defendants.
Downtown Re Holdings LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Rockledge Scaffold Corp., Third-Party Defendant-Appellant-Respondent, City Safety Compliance Corp., Third-Party Defendant-Respondent-Appellant.
Stratford Steel, LLC, Second Third-Party Plaintiff-Respondent-Appellant,
v
Rockledge Scaffold Corp., Second Third-Party Defendant-Appellant-Respondent, City Safety Compliance Corp., Second Third-Party Defendant-Respondent-Appellant.
Rockledge Scaffold Corp, Third Third-Party Plaintiff-Appellant-Respondent,
v
Next Generation Construction, LLC, Third-Party Defendant-Respondent-Appellant.
Downtown Re Holdings LLC, et al., Fourth Third-Party Plaintiffs-Respondents-Appellants,
v
The Safety Group, Ltd., Fourth Third-Party Defendant-Appellant-Respondent.

O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for Rockledge Scaffold Corp., appellant-respondent.
Kiernan Trebach, LLP, New York (Alan R. Levy of counsel), for The Safety Group, Ltd, appellant-respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jon Pisiewski of counsel), for Downtown Re Holdings LLC and Noble Construction Group, LLC, respondents-appellants.
Marshall, Dennehey Warner Coleman & Goggin, P.C., New York (Michael P. Kelly of counsel), for Stratford Steel, LLC, respondent-appellant.
Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for City Safety Compliance Corp., respondent-appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa E. Fleischmann of counsel), for Next Generation Construction, LLC, respondent-appellant.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 15, 2022, which, to the extent appealed from as limited by the briefs, granted so much of defendants/third-party plaintiffs/fourth third-party plaintiffs Downtown Re Holdings LLC (Downtown) and Noble Construction Group, LLC's (Noble) motion for summary judgment dismissing all cross-claims and counterclaims as against Noble and summary judgment on their claims for contractual indemnification as against third-party defendant/third third-party plaintiff Rockledge Scaffold Corp. (Rockledge) and fourth third-party defendant The Safety Group LTD (TSG), denied so much of Downtown and Noble's motion as sought summary judgment on their claims for common-law indemnification as against Rockledge and common-law indemnification and contractual indemnification as against third-party defendant/second third-party defendant City Safety Compliance Corp.'s (City Safety), granted so much of City Safety's motion for summary judgment dismissing Downtown and Noble's and third-party plaintiff/second third-party plaintiff Stratford Steel, LLC's (Stratford) claims for common-law indemnification and contractual indemnification as against it, denied so much of third third-party defendant Next Generation Construction, LLC's (Next Generation) motion for summary judgment dismissing Rockledge's claim for common-law indemnification as against it, and denied so much of TSG's motion for summary judgment dismissing Downtown and Noble's claims for contractual indemnification and breach of contract as against it, unanimously modified, on the law, to deny Downtown and Noble summary judgment dismissing all cross-claims and counterclaims as against Noble, grant Downtown summary judgment on its claim for common-law indemnification against Rockledge, grant Next Generation summary judgment dismissing Rockledge's claim for common-law indemnification against it, deny Downtown and Noble summary judgment on their claims for contractual indemnification against TSG and grant TSG summary judgment dismissing the same, and grant Downtown and Noble summary judgment on their breach of contract claim against TSG, and otherwise affirmed, without costs.
Plaintiff sustained injuries when a section of steel tubing that was being hoisted came loose and fell 11 floors, striking him. Although there was a sidewalk bridge in place, the tubing fell through a three-foot gap between the sidewalk bridge and building. The sidewalk bridge was not built in accordance with approved plans because of the gap. Downtown owned the property under construction, and Noble was the general contractor on the project. Noble subcontracted Stratford to furnish and install metal structures, Rockledge to erect the sidewalk bridge, City Safety to serve as the site safety manager, and TSG, plaintiff's employer, to provide general housekeeping laborers. Stratford subcontracted Next Generation for certain steel installation work. Next Generation was hoisting [*2]the steel tubing at the time of the accident.
The court should not have granted Downtown and Noble summary judgment dismissing all cross-claims and counterclaims as against Noble because triable issues of fact exist as to Noble's negligence. Noble, as the general contractor, was charged with coordinating the trades, and the record shows that plaintiff was permitted to work in what should have been a "controlled access zone" in which workers were not permitted to enter while the steel tubing was being hoisted (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352-353 [1998]; Gardner v Tishman Constr. Corp., 138 AD3d 415, 416-417 [1st Dept 2016]). While Noble claims that it was not responsible for implementing the zone and that it was unaware that the steel pipes were being hoisted that day, there is testimony to the contrary, raising issues of fact for the jury to decide. There is also testimony that Noble was aware that the sidewalk bridge was not flush against the building and had instructed Rockledge to simply cover the gap with sheets of plywood, which was insufficient to stop the steel pipe's descent.
Given the issues of fact as to Noble's negligence, Noble is not entitled to summary judgment on its claim for common-law indemnification against Rockledge or City Safety (see Nicholson v Sabey Data Ctr. Props., LLC, 205 AD3d 620, 622 [1st Dept 2022]). Downtown, however, should have been granted summary judgment against Rockledge on its common-law indemnification claim, in view of the absence of negligence on Downtown's part and Rockledge's negligence in erecting the sidewalk bridge (see Picchione v Sweet Constr. Corp., 60 AD3d 510, 513 [1st Dept 2009]; Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
City Safety is entitled to dismissal of all claims for common-law indemnification against it because there is no evidence of negligence on its part in the record. Contrary to Downtown's and Stratford's contention, City Safety's failure to identify and correct the unsafe work did not give rise to negligence, since City Safety's contract with Noble explicitly provided that its role on the project was solely in an "advisory capacity" and that it had no authority to supervise the contractors or to control or stop the work (see Martinez v 342 Prop. LLC, 89 AD3d 468, 469 [1st Dept 2011]). Absent evidence of City Safety's negligence, the court correctly granted City Safety summary judgment dismissing Downtown and Noble's and Stratford's claims for common-law indemnification against it (id.; see also McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]). While the motion court did not expressly address the claims against City Safety for contribution, its decision indicates that this was an inadvertent omission, and those claims are dismissed as well.
Given the evidence of Rockledge negligence in its erection of the sidewalk bridge, Next Generation should have been granted summary judgment dismissing Rockledge's common-law indemnification [*3]claim against it (see Picchione, 60 AD3d at 513; Correia, 259 AD2d at 65).
As to contractual indemnity, the court correctly granted Downtown and Noble summary judgment on their contractual indemnification claims against Rockledge because the accident "ar[ose] out of" Rockledge's work. While Rockledge argues that there is evidence in the record of Noble's negligence, the clause provides for partial indemnification by including savings language and, thus, is not void under General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 207 [2008]). To what degree Noble will ultimately obtain indemnification from Rockledge based upon its own level of fault is for a jury to decide. Similarly, while Rockledge is correct that it is not the only party alleged to be negligent or owe indemnity, that apportionment is also for the jury to determine (see Hedges v Planned Sec. Serv. Inc., 190 AD3d 485, 487-488 [1st Dept 2021], lv dismissed 37 NY3d 1040 [2021]).
City Safety was also correctly granted summary judgment dismissing Downtown and Noble's contractual indemnification claims against it, as there was no evidence that its "actions or omissions" resulted in plaintiff's injuries. Downtown and Noble's contention that City Safety's failure to identify and warn of the unsafe conditions constituted "omissions" is unavailing. As noted, under its contract with Noble, City Safety was to serve only in an advisory capacity and had no obligation or authority to correct work hazards. Given the limited scope of City Safety's responsibilities, the purported "omissions" were insufficient to trigger the indemnification clause (see Martinez, 89 AD3d at 469-470).
Finally, the court should have denied Downtown and Noble summary judgment on their claims for contractual indemnification against TSG and granted TSG summary judgment dismissing the same. That plaintiff was a TSG employee was an insufficient basis to find that this accident occurred in connection with TSG's work (see Arias v Sanitation Salvage Corp., 199 AD3d 554, 557 [1st Dept 2021]; DeGidio v City of New York, 176 AD3d 452, 454 [1st Dept 2019], lv dismissed & denied 35 NY3d 963 [2020]). The court, however, should have granted Downtown and Noble summary judgment on their breach of contract claim, as the contract contains an insurance procurement provision, and TSG offered no evidence showing that it had obtained the required coverage (see Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023