Velez v LSG 105 W. 28th, LLC (2025 NY Slip Op 01887)

Velez v LSG 105 W. 28th, LLC

2025 NY Slip Op 01887

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 159202/18|Appeal No. 4001|Case No. 2024-01771|

[*1]Jose Luis Velez, Plaintiff-Respondent,
v
LSG 105 West 28th, LLC, et al., Defendants-Appellants.
LSG 105 West 28th, LLC, et al., Third-Party Plaintiffs-Appellants,
v
Construction & Realty Safety Group, Inc., Third-Party Defendant-Respondent.

Litchfield Cavo LLP, New York (Danielle L. Hofer of counsel), for appellants.
Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, New York (Jonny Kool of counsel), for Jose Luis Velez, respondent.
Law Offices of Kevin P. Westerman, PLLC, Garden City (Richard W. Ashnault of counsel), for Construction & Realty Safety Group, Inc., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 27, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim as against defendants/third-party plaintiffs LSG 105 West 28th, LLC and Flintlock Construction Services LLC, denied LSG and Flintlock's motion for summary judgment dismissing the Labor Law § 240(1) claim and for summary judgment on their third-party claims for contractual indemnification, common-law indemnification, and contribution as against third-party defendant Construction & Realty Safety Group, Inc. (CRSG), and granted CRSG's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Supreme Court properly granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing that claim. Plaintiff established his prima facie case by submitting proof that he fell from an elevation of five feet, that he was not provided with an adequate safety device — namely, a ladder or harness — and that he was instructed by his foreman to climb a concrete form to complete his assigned task (see DeRose v Bloomingdale's Inc., 120 AD3d 41, 45 [1st Dept 2014]). Plaintiff testified that his employer's general practice was to climb the concrete forms, rather than using a ladder, and that his foreman followed this practice. Plaintiff's testimony also established that even though ladders were generally available, he was not instructed to use one, nor did he know if any ladders were in the location he was working on the day of the accident.
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries or a recalcitrant worker because he did not use a harness or ladder (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]; Garces v Windsor Plaza, LLC, 189 AD3d 539, 539 [1st Dept 2020]). Although ladders and harnesses were generally available on site, defendants failed to show that plaintiff knew that he was expected to use them or that he decided not to use the safety equipment for no good reason (Garces, 189 AD3d at 539).
CRSG's failure to correct any unsafe work does not constitute negligence because it did not have the authority to control or stop the work, and it did not exercise any supervisory control over plaintiff's work (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 526-527 [1st Dept 2023]). As the contractual indemnification provision in the parties' agreement had a requirement that CRSG be negligent for the indemnification provision to be triggered and there was no negligence here the court properly granted CRSG summary judgment dismissing defendants' third-party claims for contractual indemnification. The court properly dismissed the claims for common-law indemnification, and contribution, [*2]which also require a finding of negligence (see Wilk v Columbia Univ., 150 AD3d 502, 503-504 [1st Dept 2017]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025