**Haskins v Metropolitan Transp. Auth.**

2025 NY Slip Op 32248(U)

June 25, 2025

Supreme Court, New York County

Docket Number: Index No. 151643/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART 58

-------------------------------------------------------------------------------X

DARREN T. HASKINS,

Plaintiff,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY,
TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,
ENTECH ENGINEERING, P.C.,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 151643/2020

MOTION DATE 09/04/2024, 09/18/2024, 09/19/2024

MOTION SEQ. NO. 010 011 012

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 454, 455, 456, 497, 501, 502, 503, 510, 511, 512, 513

were read on this motion to/for          RESETTLE ORDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 459, 460, 461, 462, 498, 499, 500, 504, 505, 506, 514

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 507, 508, 509, 515

were read on this motion to/for          RENEW/REARGUE/RESETTLE/RECONSIDER          .

In this Labor Law action, defendant/third-party defendant/second third-party plaintiff Entech Engineering, P.C. moves, pursuant to CPLR 5019(a) and 22 NYCRR 660.12 and 731.12, for an order granting its motion to resettle the decision and order dated August 19, 2024, and upon resettlement, clarifying the ruling related to indemnity claims asserted against it (seq. 010). Defendants/third-party plaintiffs Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority (MTA/TBTA) oppose.

151643/2020   HASKINS, DARREN T. vs. METROPOLITAN TRANSPORTATION          Page 1 of 5
Motion No.  010 011 012

1 of 5

[* 1]

By notice of motion, second third-party defendant Restani Construction Corp. moves pursuant to CPLR 2221(d) for an order granting it leave to reargue the decision and order denying Restani's motion for summary judgment on Entech's third-party claim against it for indemnification (seq. 011). Entech opposes.

By notice of motion, MTA/TBTA move pursuant to CPLR 2221(d) for an order granting leave to reargue the decision granting dismissal of their contractual indemnity claim asserted against Entech (seq. 012). Entech opposes.

At issue on these motions is the decision and order dated August 19, 2024, in which, as pertinent here, MTA/TBTA's contractual indemnity claim was dismissed against Entech, and Restani's motion to dismiss Entech's third-party indemnity claim against Restani was denied (NYSCEF 448).

## I. ENTECH'S MOTION

CPLR 5019(a) permits the correction of a mistake, defect or irregularity in papers or procedures in an action that does not affect a substantial right of a party. "Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019(a) is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or a motion to vacate" (*Chmelovsky v Country Club Homes, Inc.*, 111 AD3d 874, 875 [2d Dept 2013]).

22 NYCRR 660.12, cited by Entech, no longer exists, while section 730.12 is inapplicable as it relates to rules of practice for the Appellate Terms.

While Entech argues that it is not seeking a substantive change in the decision, but only clarity regarding two allegedly inconsistent statements in the decision, the relief it seeks – a finding that MTA/TBTA's contractual indemnity claim against Entech should be dismissed –

**151643/2020  HASKINS, DARREN T. vs. METROPOLITAN TRANSPORTATION**
Motion No.  010 011 012

**Page 2 of 5**

2 of 5

[* 2]

would be a substantive change affecting the rights of both Entech and MTA/TBTA. Entech is thus not entitled to resettlement of the decision as to that issue (see *MetLife Home Loans v Levy*, 229 AD3d 788 [2d Dept 2024] [resettlement was not proper procedure to amend dismissal order to, in effect, reinstate complaint against all defendants but one]; *Foley v Roche*, 68 AD2d 558, 566 [1st Dept 1979] [motion not properly one for resettlement, as it was addressed to merits of prior decision, and resettlement may not be used to "amplify the prior decision of the court"]).

In any event, the decretal in the prior decision makes it clear that MTA/TBTA's contractual indemnity claim against Entech was dismissed.

## II.    RESTANI'S MOTION

"A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks and citations omitted], *lv dismissed and denied* 80 NY2d 1005 [1992]).

Restani contends that this court overlooked law requiring that Entech's contractual indemnity claim against it be dismissed once it was determined that the indemnity clause at issue was not unmistakably clear. Entech argues that the prior ruling was correct.

Where an indemnity clause is not unmistakably clear as to whether a particular entity must be indemnified, summary judgment is properly denied as to both the indemnitor and indemnitee, as in *Bradley v NYU Langone Hosps.*, where the Appellate Division, First Department, modified the trial court's dismissal of a contractual indemnity claim and reinstated the claim, finding that the moving party failed to establish its entitlement to dismissal as it "did not submit any evidence to show that the [proposed indemnitee] was not an indemnitee under

**151643/2020   HASKINS, DARREN T. vs. METROPOLITAN TRANSPORTATION**          **Page 3 of 5**
  Motion No.  010 011 012

3 of 5

[the indemnity clause's] broad definition" (224 AD3d 509 [1st Dept 2024]). The Court denied dismissal even though it also found that the proposed indemnitee was not entitled to judgment on the indemnity claim as it "failed to submit any evidence to clearly establish an intention to indemnity it" (*id.* at 511; *see also Rahmonov v Purves Dev., LLC*, 235 AD3d 941 [2d Dept 2025] [third-party defendant not entitled to dismissal of contractual indemnity claim against it as it did not submit evidence showing that defendants were not indemnitees under provision]).

As Restani submitted no evidence here demonstrating that Entech was not a proper indemnitee, but rather argued that the proper indemnitee was "likely" another party, it fails to demonstrate that the court overlooked or misapprehended any matters of fact or law in denying dismissal of Entech's contractual indemnity claim against it.

### III. MTA/TBTA'S MOTION

MTA/TBTA argues that the court overlooked its arguments that Entech was its statutory agent as contemplated by Labor Law 240(1) and 241(6). However, those arguments were considered on Entech's motion for summary judgment, and denied as, even if Entech was MTA/TBTA's statutory agent, it could only be held liable to plaintiff if it directed or controlled plaintiff's work, and Entech demonstrated that it did not so direct or control.

The caselaw cited by MTA/TBTA on this and the earlier motion does not compel a different result. For example, in *Walls v Turner Constr. Co.*, the Court held that the construction manager was the owner's statutory agent as it was contractually obligated to monitor the window replacement work which led to the accident (10 AD3d 261 [1st Dept 2004]), which is inapposite to the situation here.

Nor does MTA/TBTA establish that any fact or law was overlooked or misapprehended in granting dismissal of its contractual indemnity claim against Entech, as it does not address the

151643/2020   HASKINS, DARREN T. vs. METROPOLITAN TRANSPORTATION          Page 4 of 5
Motion No.  010 011 012

4 of 5

determination that Entech was not willful or negligent related to plaintiff's accident, absent evidence that Enech supervised or controlled plaintiff's work (*see e.g., Martinez v 342 Prop. LLC*, 89 AD3d 468 [1st Dept 2011] [as contract called for indemnity caused by party's negligence, and party lacked control over plaintiff's work, it was entitled to dismissal of contractual indemnity claim against it, even though party provided site safety services on site]).

## IV.    CONCLUSION

Accordingly, it is hereby

ORDERED that defendant/third-party defendant/second third-party plaintiff Entech Engineering, P.C.'s motion for leave to resettle is denied (seq. 010); it is further

ORDERED that second third-party defendant Restani Construction Corp.'s motion for leave to reargue is denied (seq. 011); and it is further

ORDERED that defendants/third-party plaintiffs Metropolitan Transportation Authority and Triborough Bridge and Tunnel Authority's motion for leave to reargue is denied (seq. 012).

| **6/25/2025** | |
|---|---|
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151643/2020   HASKINS, DARREN T. vs. METROPOLITAN TRANSPORTATION**
**Motion No.  010 011 012**

**Page 5 of 5**

[* 5]